**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MARCUS TROTTER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE FAIR DEBT** |
| JACOB LAW GROUP, PLLC, a | ) **COLLECTION PRACTICES ACT** |
| Mississippi Professional Limited | ) **("FDCPA") AND GEORGIA'S** |
| Liability Company, and | ) **FAIR BUSINESS PRACTICES ACT** |
| SECURITY CREDIT SERVICES, LLC, | ) **("FBPA")** |
| a Mississippi Limited Liability | ) |
| Company, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

<u>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION**</u>
<u>**PRACTICES ACT ("FDCPA") AND GEORGIA'S FAIR BUSINESS**</u>
<u>**PRACTICES ACT ("FBPA")**</u>

COMES NOW Marcus Trotter, Plaintiff, and states the following complaint

for violations of the Fair Debt Collection Practices Act and Georgia's Fair

Business Practices Act against JACOB LAW GROUP, PLLC and SECURITY

CREDIT SERVICES, LLC:

1

## INTRODUCTION

1.

Plaintiff MARCUS TROTTER, through his counsel, brings this action to challenge the Defendants' unlawful, misleading, and abusive actions in collecting and attempting to collect a debt allegedly owed by Plaintiff.

2.

Defendants' actions and conduct caused Plaintiff damages.

3.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.

Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("FBPA"), and Plaintiff's

claims under these statutes are so related that they form the same case or controversy.

6.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

7.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia and the acts that form the basis for this suit occurred within the State of Georgia.

8.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, and targeted Plaintiff who is a resident of this District.

**PARTIES**

9.

Plaintiff MARCUS TROTTER is a natural person who is a resident of Cobb County, Georgia.

10.

JACOB LAW GROUP, PLLC is a professional limited liability company organized under the laws of the State of Mississippi that does business within the State of Georgia.

11.

JACOB LAW GROUP, PLLC has a registered agent named Richard DeVoe who has a physical address for service at 1420 North Lamar Suite 101, Oxford, MS 38655. JACOB LAW GROUP, PLLC's principal place of business is 2623 West Oxford Loop, Oxford, MS 38655.

12.

Defendant JACOB LAW GROUP, PLLC is a law firm engaged primarily in the collection of debts.

13.

Defendant JACOB LAW GROUP, PLLC is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

14.

Defendant JACOB LAW GROUP, PLLC is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15.

Defendant JACOB LAW GROUP, PLLC may be served through its registered agent Richard DeVoe at 1420 North Lamar Suite 101, Oxford, MS 38655.  Defendant JACOB LAW GROUP, PLLC may also be served through a Member of the professional limited liability company, a manager of the professional limited liability company, or one of its attorneys at 2623 West Oxford Loop, Oxford, MS 38655.

16.

SECURITY CREDIT SERVICES, LLC is a limited liability company organized under the laws of the State of Mississippi that does business within the State of Georgia.

17.

SECURITY CREDIT SERVICES, LLC has a registered agent named William Alias, Jr. who has a physical address for service at 306 Enterprise Drive, Oxford, MS 38655. SECURITY CREDIT SERVICES, LLC'S principal place of business is 306 Enterprise Drive, Oxford, MS 38655.

18.

Defendant SECURITY CREDIT SERVICES, LLC is in the business of debt collection.

19.

Defendant SECURITY CREDIT SERVICES, LLC is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

20.

Defendant SECURITY CREDIT SERVICES, LLC is a debt collector as it is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

21.

Defendant SECURITY CREDIT SERVICES, LLC may be served through its registered agent William Alias, Jr. at 306 Enterprise Drive, Oxford, MS 38655. Defendant SECURITY CREDIT SERVICES, LLC may also be served through a member of the limited liability company, or a manager of the limited liability company.

**STANDING**

22.

Plaintiff has suffered an injury in fact as a result of Defendants' violations of the FDCPA.

23.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way.

24.

Specifically, Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

25.

Defendants' violations of the FDCPA have caused Plaintiff to be injured in a personal and individual way by causing Plaintiff's wages to be garnished based on a time-expired judgment and without the filing of a proper garnishment action.

26.

Defendants' violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

27.

Plaintiff's injury caused by Defendants' violations of the FDCPA are concrete and actually exist.

28.

Defendants' violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

29.

The FDCPA statutorily creates Plaintiff's right to true and accurate information as well as a private right of action to enforce this statutorily created right to be provided true and accurate information.

30.

The FDCPA's statutorily created rights go beyond the right to just information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

31.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to

resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

32.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

## FACTUAL ALLEGATIONS

33.

Plaintiff MARCUS TROTTER is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged was obligated to pay a consumer debt.

34.

The obligation that Plaintiff was allegedly obligated to pay to Defendants arose from a loan for personal, family, or household purposes, and is, therefore, a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

35.

Defendants used instruments of interstate commerce in order to attempt to collect the debt from Plaintiff, including the use of the United States Mail.

36.

The principal purpose of Defendants' businesses is the collection of debts or Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*The Debt*

37.

Defendants filed a lawsuit against Plaintiff MARCUS TROTTER in the County Court of Lauderdale County, Mississippi, in the case of *Security Credit Services, LLC v. Marcus Trotter*, Case No. CA-10-2429(C) (the "State Lawsuit").

38.

Judgment by Default (the "Judgment") was entered in favor of SECURITY CREDIT SERVICES, LLC against MARCUS TROTTER on March 23, 2011.

39.

On August 22, 2016, the County Court of Lauderdale County, Mississippi, issued a writ of garnishment to Defendants SECURITY CREDIT SERVICES, LLC (the "Writ of Garnishment").

40.

The Writ of Garnishment directed Plaintiff's employer, Priority Payment Systems LLC to garnish Plaintiff's wages and send the funds to SECURITY CREDIT SERVICES, LLC c/o JACOB LAW GROUP, PLLC.

41.

Pursuant to Mississippi Code Section 15-1-47, judgments expire seven years after the date they are entered.

42.

The Judgment expired on March 23, 2018.

43.

The Judgment was never renewed.

*A False, Misleading, and Deceptive Garnishment*

44.

In July 2018, Defendant SECURITY CREDIT SERVICES, LLC, by and through its attorneys, Defendant JACOB LAW GROUP, PLLC, sent the Writ of Garnishment to Plaintiff's employer, Priority Payment Systems LLC.

45.

The Judgment was expired at the time Defendants sent the Writ of Garnishment to Plaintiff's employer in July 2018.

46.

As a result of the Defendants' actions in sending the Writ of Garnishment to Plaintiff's employer, Plaintiff's employer withheld $2,785.99 of Plaintiff's wages, and Plaintiff was deprived of the use of his money.

47.

Plaintiff's employer sent $2,785.99 of Plaintiff's wages to Defendants.

48.

Plaintiff has not received any portion of the $2,785.99 that was taken out of his wages after the Judgment expired.

49.

Plaintiff hired legal counsel to fight the garnishment.

50.

Plaintiff incurred $1,700.00 in legal fees fighting the garnishment.

51.

Plaintiff suffered emotional distress related to the garnishment resulting from the embarrassment of having his wages garnished based on an expired judgment, and the anxiety and stress of having to deal with the loss of expected wages and the budgetary impact resulting from said loss of expected money.

## **RESPONDEAT SUPERIOR**

52.

At all relevant times, Defendant JACOB LAW GROUP, PLLC was acting as the agent of Defendant SECURITY CREDIT SERVICES, LLC.

53.

The acts and omissions of Defendants' employees who acted as agents for Defendants as described herein, were committed within the time and space limits of their agency relationship with their respective principals, Defendants.

54.

The acts and omissions of Defendant JACOB LAW GROUP, PLLC and its employees or agents who acted as the agents for SECURITY CREDIT SERVICES, LLC as described herein, were committed within the time and space limits of their agency relationship with their respective principals, the SECURITY CREDIT SERVICES, LLC Defendants.

55.

The acts and omissions by Defendants' employees who acted as agents for Defendants were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

56.

By committing these acts and omissions against Plaintiffs, Defendants' employees and agents were motivated to benefit their respective principals, Defendants.

57.

Defendants are therefore liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respective employees or agents.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

58.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.

Defendant SECURITY CREDIT SERVICES, LLC is liable for the acts of its agents, Defendant JACOB LAW GROUP, PLLC.

60.

Based on information and belief, Defendants have violated the Fair Debt Collection Practices Act ("FDCPA").

*Pursuing a Garnishment on an Expired Judgment Debt*

61.

Defendants sent a Writ of Garnishment to Plaintiff's employer after the underlying Judgment had expired.

62.

The Writ of Garnishment sent by Defendants was false, misleading, and deceptive as the Judgment was no longer enforceable under Mississippi law.

63.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

64.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2).

65.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take actions that cannot legally be taken by seeking to garnish Plaintiff's wages based on a judgment that had expired.

66.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

67.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the garnishment, and have resulted in actual and direct harm to Plaintiff.

68.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages in the amount of $4,485.99, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*FDCPA Violations for Failing to Domesticate the Judgment in Georgia*

69.

Pursuant to Georgia law, O.C.G.A. § 18-4-2, a Plaintiff cannot garnish a debtor's wages unless a money judgment was obtained in a Georgia court, or a federal court, or is being enforced in Georgia as provided in the "Uniform Foreign-Country Money Judgments Recognition Act," (O.C.G.A. § 9-12-110 *et. seq*.) or the "Uniform Enforcement of Foreign Judgments Law" (O.C.G.A. § 9-12-130 *et.*

*seq.*); see also Union Inv. Co. v. Southern R. Co., 32 Ga. App. 478, 124 S.E. 77 (1924) (a summons of garnishment cannot legally issue upon a judgment rendered in a foreign jurisdiction).

70.

Upon information and belief, Defendants did not domesticate the Mississippi Judgment in Georgia.

71.

Upon information and belief, Defendants garnished Plaintiff's wages without domesticating the Mississippi Judgment in a Georgia court.

72.

Upon information and belief, Plaintiff's employer, Priority Payment Systems, LLC, is a Georgia limited liability company that does not do business in the State of Mississippi and is not subject to the jurisdiction of the County Court of Lauderdale County, Mississippi.

73.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

74.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2)

by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2).

75.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

76.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the garnishment, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

77.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages in the amount of $4,485.99, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*FDCPA Violations for Failing to File a Garnishment Action in Georgia*

78.

Upon information and belief, Defendants did not file a garnishment action in a Georgia court.

79.

Upon information and belief, Defendants garnished Plaintiff's wages without filing a garnishment action in a Georgia court as required by O.C.G.A. § 18-4-1 *et seq.*

80.

Upon information and belief, Plaintiff's employer, Priority Payment Systems, LLC, is a Georgia limited liability company that does not do business in the State of Mississippi and is not subject to the jurisdiction of the County Court of Lauderdale County, Mississippi.

81.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

82.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of

any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2).

83.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

84.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the garnishment, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

85.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## COUNT II
## VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT

86.

Based on the foregoing, the Defendant SECURITY CREDIT SERVICES, LLC has violated Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

87.

Defendant SECURITY CREDIT SERVICES, LLC's actions constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and therefore violate Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

88.

Defendant SECURITY CREDIT SERVICES, LLC's actions violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, as detailed above.

89.

A violation of the FDCPA also constitutes a violation of the FBPA. *1st Nationwide Collection Agency, Inc. v. Werner,* 288 Ga.App. 457 (2007). *Gilmore v. Account Management, Inc.*, 357 Fed.Appx. 218 (11th Cir. 2009).

90.

Defendant SECURITY CREDIT SERVICES, LLC's actions in violation of the FDCPA, and consequently, the FBPA, were intentional in nature and part of a business model designed to collect debts based on false, misleading, deceptive, unfair, unconscionable, abusive, harassing, and oppressive collection practices.

91.

Upon information and belief, Defendant SECURITY CREDIT SERVICES, LLC does not maintain a place of business and does not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's FBPA claims.

92.

Plaintiff seeks actual damages actual damages in the amount of $4,485.99 for Defendant SECURITY CREDIT SERVICES, LLC's actions in violation of the FDCPA and FBPA, as well as damages for the mental and emotional distress caused by Defendant SECURITY CREDIT SERVICES, LLC's actions, as may be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

93.

Plaintiff seeks exemplary damages against from Defendant SECURITY CREDIT SERVICES, LLC for its intentional and purposeful actions in attempting

to collect the debt in violation of Georgia's Fair Business Practices Act.  O.C.G.A.
§ 10-1-399(a).

94.

Plaintiff seeks treble damages, in the form of three times actual damages,
against Defendant SECURITY CREDIT SERVICES, LLC for its intentional and
purposeful actions in attempting to collect the debt in violation of Georgia's Fair
Business Practices Act.  O.C.G.A. § 10-1-399(c).

95.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs
for this action in accordance with O.C.G.A. § 10-1-399(d).

**COUNT III**
**PUNITIVE DAMAGES AGAINST DEFENDANTS**

96.

Upon information and belief, Plaintiff alleges that the Defendants and their
agents acted willfully and with malice, wantonness, oppression, or with that entire
want of care which would raise the presumption of conscious indifference to the
consequences of its actions, entitling Plaintiff to an award of punitive damages in
an amount to be determined by the enlightened conscience of a jury.

## COUNT IV
## PUNITIVE DAMAGES UNDER THE FBPA

### 97.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

### JURY DEMAND

### 98.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)   Find both Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)   Award Plaintiff the full $1,000 statutory damages for each Defendants' FDCPA violations;

(3)   Award Plaintiff actual damages in the amount of $4,485.99, which includes $2,785.99 taken from Plaintiff's wages plus $1,700.00 in court costs and attorneys' fees incurred by Plaintiff in fighting the garnishment;

(4)   Find Defendant SECURITY CREDIT SERVICES, LLC liable for actual damages in the amount of $4,485.99 for violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)   Find Defendant SECURITY CREDIT SERVICES, LLC liable for exemplary damages for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a);

(6)   Find Defendant SECURITY CREDIT SERVICES, LLC liable for

treble damages in the amount of three times actual damages, totaling $13,457.97, for violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(7)     Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(8)     Award Plaintiff reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d);

(9)     Award Plaintiff the reasonable costs of this action;

(10)    Award Plaintiff other expenses of litigation;

(11)    Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this 27th day of June, 2019.

/s/ Jerry T. Parisi
Jerry T. Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

The Parisi Law Firm, LLC
229 Peachtree Street, Suite 450
Atlanta, Georgia 30303
Ph.     404.594.5130
Fax     404.393.2691
jerry@parisifirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

This 27th day of June, 2019.

/s/ Jerry T. Parisi
Jerry T. Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

The Parisi Law Firm, LLC
229 Peachtree Street, Suite 450
Atlanta, Georgia 30303
Ph.    404.594.5130
Fax    404.393.2691
jerry@parisifirm.com